# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7961 | **DATE** | 1-13-2012 |
| **CASE TITLE** | Den'Quan Williams (M-11946) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [6] is granted. The court authorizes and orders Western Illinois Correctional Center officials to deduct $5.22 from Plaintiff's account and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Western Illinois Correctional Center. Sheriff Thomas Dart, Superintendent Maricey, Counselor Pluckett and Cook County Jail are dismissed from this action. The Clerk shall: (1) issue summonses as to Correctional Officer Wright and Lieutenant Latier, (2) attach a Magistrate Judge Consent Form to the summonses for Defendants, (3) send Plaintiff the Magistrate Judge Consent Form, Instructions for Submitting Documents, and this order, (4) terminate Sheriff Dart, Superintendent Maricey, Counselor Pluckett and Cook County Jail as defendants.

■[For further details see text below.]    Docketing to mail notices.

## STATEMENT

Plaintiff Den'Quan Williams, a prisoner at Western Illinois Correctional Center, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.22. The trust fund officer at Western Illinois Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the correctional facility to different correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint. The complaint's factual allegations are assumed true at this stage of the proceedings. Plaintiff alleges that he was housed in the super maximum security division at Cook County Jail. On November 10, 2009, while at the Skokie courthouse, Plaintiff witnessed an incident between another detainee and correctional officers. Later that day, Plaintiff was interviewed by Lieutenant Latier about what he witnessed. Plaintiff told Latier that he would discuss the incident only if Latier would keep the discussion confidential because Plaintiff would face danger if other detainees knew of the discussion. Latier assured Plaintiff that no one would learn of their discussion. Plaintiff informed Latier that the other detainee instigated the incident. After Plaintiff signed a written statement about the incident, he asked Latier not to be placed on the same deck as the other detainee because he feared for his safety. Latier told Plaintiff that no one would know about the statement and had Plaintiff taken back to his cell. When Plaintiff was taken from the office to his cell, the detainee involved in the incident saw Plaintiff leave the office and made a threatening gesture toward Plaintiff. About ten minutes later, that other detainee was placed back in his cell near Plaintiff's cell.

The next day, a detainee attempted to stab Plaintiff with a homemade knife. Plaintiff ran to the control center

| STATEMENT |
|---|

and told Correctional Officer Wright that he wanted to be locked in his cell and that he needed to speak with someone. Wright told Plaintiff that the "white-shirts" were dealing with something on another wing and locked Plaintiff in his cell. That night, Plaintiff wrote Latier a letter regarding his fear for his life. That same day, Latier and others searched the cells in Plaintiff's wing, confiscating one homemade knife.

On November 12, 2009, Wright came out of the conductors room, leaving the door open. Wright let detainee Hopskin out of his cell for his recreation time. When another detainee called Wright's name, Hopskin ran into the control room, closed the door, and pressed the automatic control to open the detainees' cell doors. Multiple detainees forced themselves into Plaintiff's cell and stabbed him with homemade knives.

Plaintiff names Cook County Sheriff Thomas Dart; Superintendent Maricey, Wright, Latier, Counselor Pluckett and Cook County Jail as Defendants. Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). The complaint states a claim that Defendants Latier and Wright were deliberately indifferent to Plaintiff's safety; the claim may or may not succeed, but it survives initial review. Cook County Jail is not a suable entity, so it is dismissed. *See Castillo v. Cook County Dep't Mail Room*, 990 F.2d 304, 307 (7th Cir. 1993). The complaint makes no allegations regarding the remaining Defendants' personal involvement in the alleged failure to protect, so they are dismissed. The complaint alleges that Dart is liable in light of his supervisory role, but that allegation fails as a matter of law. *See Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (supervisory official cannot be held liable for the conduct of his subordinates based on a theory of respondeat superior; rather, a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation).

The court notes that the complaint alleges facts regarding Pluckett's handling of Plaintiff's grievances related to the incident. However, that involvement was after the alleged incident, and any disagreement with how the grievances were handled do not state a claim. The only right attached to a grievance process is a procedural one, *i.e.*, an inmate must be allowed to exhaust his administrative remedies in order to pursue his right to access to the courts. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Here, Plaintiff only alleges his dissatisfaction with how his grievances were handled, not that he has been denied access to the courts.

Accordingly, Plaintiff may only proceed on his claims against Wright and Latier, while the remaining defendants are dismissed. The United States Marshals Service is appointed to serve Defendants Wright and Latier. The Marshals Service shall send Plaintiff any appropriate service forms, and Plaintiff shall complete those forms and return them to the Marshals Service. The Marshals Servicedd is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County employee who can no longer be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshals Service. Address information shall not be maintained in the court file and shall not be disclosed by the Marshals Service. The Marshals Service is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff must send an exact copy of any filing to Defendants or, once counsel appears, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court.